**JIA YUN LI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–4495–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2006.

Martin W. Chow, Law Offices of Martin W. Chow LLC, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Jo Ann M. Navickas, Elizabeth J. Mackay, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Jia Yun Li, a native and citizen of the People's Republic of China, seeks review of an August 3, 2005 order of the BIA affirming the February 17, 2004 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004). Questions of law and the application of law to undisputed fact are reviewed *de novo. See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Substantial evidence supports the IJ's finding that Petitioner is not eligible for asylum and withholding of removal because he assisted in persecution. The statutory definition of "refugee" explicitly excludes "any person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Likewise, the Attorney General's authority to grant asylum does not extend to aliens falling within this description. 8 U.S.C.

§ 1158(b)(2)(A)(i).[1] If the evidence indicates that an asylum applicant was a persecutor, he has the burden of proving by a preponderance of the evidence that he did not so act. *Zhang Jian Xie v. INS*, 434 F.3d 136, 139 (2d Cir.2006) *(quoting* 8 C.F.R. § 208.13(c)).

Li worked as a driver in a government-run factory, occasionally assisting the factory's "family planning department" by transporting women to family planning appointments. Li's written application for relief stated, "[m]y important duty was to check those women workers who were out of plan pregnant and report them to the leader. And then I would be assigned to send them to the hospital for abortion and ligature of oviduct according to the China's family planning regulations." On at least two occasions Li transported women to family planning appointments. On another occasion, however, Li was assigned to bringing a pregnant woman to the hospital for an abortion, but let her go before reaching the hospital.

Though Li attempts to draw a fine distinction between his actions and those of the petitioner in *Zhang Jian Xie*, including his argument that he only chose women who were having IUDs inserted, that nearly identical case is controlling here. *See* 434 F.3d at 143. In *Zhang Jian Xie*, this Court upheld the IJ's determination that a Chinese government driver who transported women to family planning appointments had assisted in persecution, despite the fact that he let one woman go. Xie argued, *inter alia*, that as a government employee he had no choice but to comply with the orders of his superiors and, further, that his redemptive act in releasing a woman cured his earlier participation in carrying out China's family planning policy. We reject Li's arguments for the same reasons we rejected Xie's. Neither the fact that Li was obeying orders, nor his participating in only one aspect of the Chinese policy, nor his act in releasing a woman before delivering her to a family planning appointment relieves Li of having assisted in persecution. Though Li's participation in China's family planning policy may have been relatively minor, the language of the statutory bar is broad, encompassing not only direct persecutors but also those who "assisted[ ] or otherwise participated in ... persecution." 8 U.S.C. § 1158(b)(2)(A)(i).

While those who have participated in persecution are barred from applying for asylum and withholding of removal, there is no such prohibition under the CAT. *See* 8 C.F.R. § 1208.17. To establish eligibility for CAT relief, an applicant must establish that it is more likely than not that he will be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). Here, the IJ properly found that none of the facts on the record rise to the level of persecution. Accordingly, the IJ's denial of CAT relief was supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.

---

**1.** A similar bar applies to withholding of removal, and therefore our analysis applies equally to Petitioner's withholding claim. *See* 8 U.S.C. § 1231(b)(3)(B)(I).